Matter of City of New York (2021 NY Slip Op 06538)





Matter of City of New York


2021 NY Slip Op 06538


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Acosta, P.J., Gische, Singh, Scarpulla, Mendez, JJ. 


Index No. 42104/18E Appeal No. 14670 Case No. 2021-00594 

[*1]In the Matter of City of New York, Relative to Acquiring Permanent Storm Sewer and Water Main Easements in Block 5636, Part of Lot 100, and a Permanent Storm Sewer Easement in Block 5636, Part of Lot 177, located in the Bronx, for construction of the City Island Water Main and Storm Sewer Outfalls Project, located on land under the waters of Eastchester Bay in the vicinity of Kilroe Street, and both upland and lands under the waters of Eastchester Bay in the vicinity of Minnieford Avenue, in the Borough of the Bronx, City and State of New York.
The City of New York, Condemnor-Appellant,
J.C. Properties, Inc., Claimant-Respondent.


Georgia M. Pestana, Corporation Counsel, New York (Deborah R. Kerzhner of counsel), for appellant.
Law Offices of Edmond J. Pryor, Bronx (Edmond J. Pryor of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered January 20, 2021, which granted claimant's motion ordering and directing condemnor City of New York to pay claimant $1,250,000 for a permanent easement on claimant's property, unanimously reversed, on the law, without costs, and the motion denied.
The Eminent Domain Procedure Law (EDPL) is "the exclusive procedure by which property shall be acquired by exercise of the power of eminent domain in New York," assuring "that just compensation shall be paid to those persons whose property rights are acquired by the exercise of the power of eminent domain" (EDPL 101). The statute provides that it "shall be uniformly applied to any and all acquisitions by eminent domain of real property within the state of New York" (EDPL 104). Further, the statute provides, "Notwithstanding any inconsistent provisions of law . . . any interest in real property subject to acquisition shall be acquired pursuant to provisions of this law" (EDPL 705).
Here, Supreme Court issued an order of just compensation based solely on claimant's motion, without having considered any testimony or evidence. Thus, because the court failed to follow the exclusive procedures for determining just compensation as set forth in EDPL article 5, claimant's motion must be denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021